UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

ACCRETION LLC  :  Civil Action No. 17-CV-00467

                         Plaintiff,  :

               - against -  :

BRIGHTON BUILDER LLC.,  :

                       Defendant.  :

------------------------------------------X

## REPORT OF PARTIES' PLANNING MEETING
(Held pursuant to Fed. R. Civ. P. 26(f))

**Planning Meeting.** Pursuant to Rule 26(f), Fed. R. Civ. P., a Parties Planning Meeting was held on March 13, 2017, and attended by Michael Levine, Esq., counsel for Plaintiff, and Michael Treybich, Esq., counsel for Defendant, and counsel have conferred on the contents of this proposed discovery plan.

**Nature of Complaint or Matter:** This case involves a claim by Plaintiff (an entity operating in Macedonia, Greece) that Defendant breached a certain Management Services Agreement ("MSA") dated April 3, 2015. The MSA contained two provisions that Plaintiff asserts are relevant here. First, Plaintiff alleges that the MSA required the Defendant to pay Plaintiff the sum of $50,000 for each employee of Plaintiff (or former employee who worked for Plaintiff within one year previously) that Defendant hired directly. Secondly, Plaintiff alleges that the MSA required the Defendant to pay Plaintiff the sum of $150,000 (plus any other damages incurred by Plaintiff) in the event that Defendant hired any business engaging in services similar to those offered by Plaintiff (within a 150-mile radius of any of Plaintiff's business location in Macedonia) within five years after the expiration of the MSA. Plaintiff

alleges that (i) Defendant hired Maya Pushkarovas, a former employee of Plaintiff, within one year of her resignation from Plaintiff's employ; and (ii) employed a business run by Iva Pushkarovas to provide the same services as Plaintiff had previously provided to Defendant. Plaintiff, therefore, seeks contractual damages of an aggregate of $200,000.00.

Defendant denies that it ever hired Maya Pushkarovas at all, and further contends that it hired Iva Pushkarovas as a direct employee (and no as a competing business) and, therefore, did not breach the MSA.

**Pre-Discovery Disclosures.** The parties will exchange by May 3, 2017, the information required by Fed. R. Civ. P. 26(a)(1); supplementations under Rule 26(e) are due as required by Rule 26(e).

**Discovery Plan.** The parties jointly propose to the Court that all pretrial discovery will be concluded by September 1, 2017, pursuant to the following proposed plan:

a. Discovery will be needed on issues raised by the pleadings. All parties shall serve any request for production of documents and things and/or interrogatories and/or requests for admissions on or before May 15, 2017. Responses and production shall be served on or before June 9, 2107. Unless by subsequent agreement of the parties or leave of Court, the parties agree as follows: (1) Each party shall be limited to 30 interrogatories (including subparts), 30 requests for admission, and 30 requests for production of documents.

b. The depositions of all parties will be conducted before August 1, 2017.

c. Any supplemental discovery demands made as a result of information provided during any deposition shall be made on or before August 15, 2017, and responses thereto and supplemental production shall be made on or before September 1, 2017.

2

    d.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

(1) The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information and shall, within 10 calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for the recalled production. Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

(2) The party recalling an inadvertent production shall pay costs of complying with its request, if any, including electronic discovery support staff and paralegal time, but not including attorney time.

    f.    The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information ("ESI") and report to the Court the following:

(i)    <u>Relevant information</u>: At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but intend the same to

3

include at least (1) documents and other records stored on any computer or data storage device; (2) electronic mail (including all electronic attachments); (3) any electronically stored information including but not limited to text messages, photos, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof), and social networking communications; and (4) any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of FRCP 26 for discovery purposes.

(ii) Form of production/preservation: The parties agree that the aforementioned discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable, with the following exceptions: electronic mail should include attachments to the email and indicate whether and to whom the email was a reply or was forwarded. Upon request and if reasonably available, a party will make diligent efforts to produce electronically-stored emails in native format. In addition, upon request and if reasonably available, a party shall make diligent efforts to produce any electronically-stored spreadsheet or database in its native format (e.g., excel) rather than in a portable document file (pdf) format; all electronically stored documents created by a word processing program are to be produced in the native format, if reasonably available, rather than in portable document file (pdf) format. To the extent any ESI is preserved only in printed form, such ESI may be produced in pdf format. Electronically stored information

(ESI) may be produced on CD ROM and the parties are under no obligations to provide paper copies unless the requesting party agrees to tender payment for such copies at a rate of $.10 per page. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that the parties will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligations to preserve evidence) with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action. Wherever possible, all production shall include all metadata.

  g. The parties have discussed certain issues relating to the disclosure of documents and information which may be confidential and proprietary information and will hereafter stipulate to a consent protective order, in a form approved by the Court.

  Experts. The parties do not expect to retain experts in this matter. As a result, no expert reports under Rule 26(a)(2) shall be exchanged.

  Pretrial Order. The parties shall prepare and submit a joint Pretrial Order not later than <u>November 6, 2017</u>, unless a dispositive motion has been previously granted. Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) shall be due from both parties by the same date and shall be submitted with the Pretrial Order.

  Joinder and Amendment. The parties do not expect to join any additional parties or to otherwise amend any pleadings.

  Dispositive Motions. Any dispositive motions shall be made by <u>October 2, 2017</u>.

Settlement. The parties believe that settlement is unlikely.

ADR. The parties have discussed the possibility that resolution may be enhanced by the use of mediation or other Alternative Dispute Resolution method. The parties believe, however, that the same will not be productive in that regard and, therefore, decline to engage in the same.

Hearing Readiness. This case can be ready for trial (assuming determinations have been made on any dispositive motion) no later than November 6, 2017 and is expected to take two (2) trial days.

Special Issues. The parties are not presently aware of the following special issue that should be brought to the attention of the Court. A necessary witness is located in Macedonia. The parties will attempt to arrange for her deposition via videoconference, but if the same is not possible (or cost-prohibitive), then that deposition will have to take place in New York. That may necessitate a request for an extension in that time deadlines set forth above.

13. Scheduling Conference. No party requests that any further scheduling conference take place with the Court provide that this Report of Parties' Planning Meeting is acceptable to the Court.

Dated: March 29, 2017

Levine & Associates, P.C.

By: _____
       Michael Levine

15 Barclay Road
Scarsdale, NY  10583
Telephone (914) 600-4288
e-mail: ml@LevLaw.org

*Attorneys for Plaintiff*

Treybich Law, P.C.

By: _____
       Michael Treybich

420 Lexington Avenue, Suite 300
New York, NY 10170
Telephone (212) 390-1755
e-mail: michaeltreybich@gmail.com

*Attorneys for Defendant*

SO ORDERED:

_____
HON. NAOMI BUCHWALD, U.S.D.J.